UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X
M & T MORTGAGE CORPORATION,

                           Plaintiff,

   -against-

ST. STEPHENS BAPTIST CHURCH, INC.,

                           Defendant.
————————————————————X

Index No.03-CV-5657(JS)(MLO)

**MASTER'S REPORT OF HEARING**

Hon: Joanna Seybert

TO THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF NEW YORK:

    I, William R. Boccio, Esq., the Master appointed by the Hon. Joanna Seybert, a Judge of the U.S. District Court, Eastern District of New York, by Order dated October 4, 2006, (Plaintiff's Exhibit "1") for a hearing to compute the amount due Plaintiff herein, for principal, interest, water and sewer rentals, insurance premiums, taxes, repairs to, boarding, securing, protecting and maintaining the premises, mortgage insurance premiums, if any, and any other charges, and to examine and report whether the mortgaged premises should be sold in one parcel, in accordance with Federal Rule of Civil Procedure ("F.R.C.P.") 53(f), do respectfully report as follows:

    FIRST: I caused service of Notice of Master's Hearing upon the parties according to federal law and the practice of this Court, as is shown by the annexed affidavits of service.

    SECOND: The Master's Hearing was noticed for December 5, 2006

at 1:00 P.M. at my office at 22 Jericho Turnpike, Suite 103, Mineola, New York 11501. (Plaintiff's Exhibit "2")

THIRD: At the time and place for which said Master's Hearing was noticed, I attended in person; the appearances of the parties and their attorneys were noted as follows:

Zavatsky, Mendelsohn, Gross, Savino & Levy LLP
Attorneys for Plaintiff
33 Queens Street
Syosset, New York  11791
Joseph C. Savino, Esq., of Counsel

Gordon & Gordon
Attorneys for Defendant
108-18 Queens Boulevard
Forest Hills, New York  11375
Peter S. Gordon, Esq., of Counsel

Also present were Burton Pugach, Richard D. Jachimiak, Louis Marcus and Michael Blanchart.

FOURTH: Richard D. Jachimiak, a Vice President of M&T Mortgage Corporation, testified and presented documentary evidence (Exhibits 1-11) on behalf of the Plaintiff. Louis Marcus, a Managing Director of the building affairs of St. Stephens Baptist Church, Inc. testified and presented documentary evidence (Exhibits "A" & "B") on behalf of the Defendant.

FIFTH: At the conclusion of the hearing, it was agreed by the parties and the Master that the parties have an opportunity to supplement the hearing by a memorandum to be submitted to the Master for consideration; the first memorandum to be supplied by the Defendant's counsel two weeks after Defendant's receipt of the transcript of said hearing. (See Exhibit "B"). Plaintiff's counsel was to submit Plaintiff's responsive memorandum no later than two

weeks after receipt of Defendant's papers. (See Exhibit "C"). No additional reply was permitted.

SIXTH: Pursuant to my request, Plaintiff prepared a further detailed calculation of interest due on the rehabilitation escrow account on December 8, 2006, forwarding a copy upon Defendant's attorneys. (See Exhibit "A").

## FINDINGS OF FACT

SEVENTH: The evidence established that a Note between the borrower St. Stephens Baptist Church, Inc. and Mortgage Lending of America, Inc., dated January 15, 1999, in the principal amount of $350,600.00, with interest at the rate of nine percent (9.000%) per annum, was duly entered into between the parties. (Plaintiff's Exhibit "3").

EIGHTH: The evidence established that said debt obligation was secured by a duly recorded mortgage dated January 15, 1999 on the following described property located in Kings County, New York: 31 North Elliott Place, Brooklyn, New York 11205. (Plaintiff's Exhibit "4").

NINTH: The evidence established that the subject mortgage and note obligation was assigned to the Plaintiff, M & T Mortgage Corp., by a duly recorded Assignment of Mortgage dated January 21, 1999. (Plaintiff's Exhibit "5").

TENTH: The evidence established that upon Defendant's default under the terms of the Note and Mortgage, Plaintiff notified Defendant of said default by correspondence dated February 25, 2000. Plaintiff's Exhibit "6"; Testimony of Richard Jachimiak

3

Transcript, pp. 13-22. (See Exhibit "D").

ELEVENTH: The debt obligation was $350,600.00. Defendant made ten (10) payments totaling $1,981.04 ($191.51, $192.95, $194.39, $195.85, $197.32, $198.80, $200.29, $201.79, $203.31 and $204,83) applied to the principal balance. The remaining balance of the rehabilitation account ($80,934.98) was added to the ten (10) payments applied to the principal achieving a total amount of $82,916.02. The Plaintiff established that a total sum of $82,916.02 was paid by Defendant on the principal balance, leaving a principal balance due Plaintiff of $267,683.98 on Loan No. 3313251. Plaintiff's Exhibit "8"; Testimony of Richard Jachimiak, pp.28-30. (See Exhibit "D").

TWELVETH: The debt obligation (Plaintiff's Exhibit "3") charged interest on the unpaid principal at the rate of nine percent (9.0%) per annum. Interest calculated on the unpaid balance of $267,683.98 for a total of 84 months ($2,007.63 per month) from December 1, 1999 through December 1, 2006 totals $168,640.92. Four (four) additional days of interest ($66.00 x 4) for the period 12/02/06 through 12/05/06 totals $264.00. Plaintiff's Exhibit "8"; Testimony of Richard Jachimiak, Transcript, pp. 30-31). (See Exhibit "D").

THIRTEENTH: The Plaintiff presented evidence establishing that M & T Mortgage Corp. advanced various escrow sums, including property taxes ($8,606.90), property insurance ($21,549.58) and mortgage premiums ($12,130.10) for a total sum of $42,286.58. Plaintiff's Exhibit "7"; Testimony of Richard Jachimiak, Transcript

4

pp. 23-25. (See Exhibit "D").

FOURTEENTH: The documentary evidence also established that credits totaling $10,919.95 were due Defendant. Credits due Defendant consisted of an escrow balance from September, 1999 in the amount of $1,460.21 and payments received from October, 1999 through December, 1999 in the amounts of $406.25, $368.57 and $368.57, respectively. Additionally, there was an interest credit from the rehabilitation escrow of $1,161.35 and the refund of two (2) insurance premiums ($4,212.00 and $2,943.00) credited to Defendant. Plaintiff's Exhibit "7"; Testimony of Richard Jachimiak, Transcript pp. 27-28. (See Exhibit "D").

FIFTEENTH: The evidence established that after application of Defendant's credits in the sum of $10,919.95 toward Plaintiff's escrow advances in the amount of $42,286.58 the total escrow advance balance due and owing M & T Mortgage Corp. is $31,366.63. Plaintiff's Exhibit "7"; Testimony of Richard Jachimiak, Transcript p.28. (See Exhibit "D").

SIXTEENTH: The evidence also established that Plaintiff incurred the costs of miscellaneous corporate advance funds comprised of an inspection fee ($720.00), attorney fees ($10,106.45) and other fees incurred for trips to the property ($146.00), for a total sum of $10,972.45. Plaintiff's Exhibit "8"; Testimony of Richard Jachimiak, Transcript pp.30-31. (See Exhibit "D").

SEVENTEENTH: The evidence further established that Plaintiff assessed late charges against the Defendant in the total amount of

5

$11,383.25. Plaintiff's Exhibit "8"; Testimony of Richard Jachimiak, Transcript p.31. (See Exhibit "D").

EIGHTEENTH: The evidence further established the application of certain funds and detailed various breakdowns and calculations. Plaintiff's Exhibits "9" and "10"; Testimony Richard Jachimiak, Transcript pp. 33-36. (See Exhibit "D").

NINETEENTH: The "settlement statement" and testimonial evidence further verified the borrower's name, address and principal amount of mortgage. Notably, the rehabilitation funds corresponded with the calculations provided in Plaintiff's Funds Applied Sheet (Exhibit "9"). Plaintiff's Exhibit "11"; Testimony of Richard Jachimiak, pp. 38-41. (Exhibit "D"). At the request of the Master, Plaintiff submitted a supplemental Calculation of Interest Due on the Rehabilitation Escrow Account, wherein it was established that Plaintiff computed 2.0% interest on the Rehabilitation Escrow through 4/24/00, 145 days after 12/1/99 to the benefit of Defendant. (See Exhibit "A").

TWENTIETH: At the hearing, it was established that the Defendant had two points of contention:

1. The computation of the 9.0% interest on the outstanding balance loan balance of $267,000.00. Defendant testified that: "I'd like to recompute the interest that they charged us because it just looks very high, but I didn't compute it." Testimony of Louis Marcus, Transcript, pp. 72-73. (Exhibit "D"); and

2. The computation of the interest on the rehab escrow. Testimony of Louis Marcus, Transcript, pp 69-70. (Exhibit "D").

6

TWENTY-FIRST: It is the finding of the Master that the interest on the outstanding principal balance of $267,000.00 has been computed accurately at the rate of 9.0% per annum (84 months) to total $168,640.92 through December 1, 2006. It is also the finding of the Master based upon the uncontroverted documentary evidence that the 203(k) Repair Escrow Account was an interest bearing account at the rate of 2.0% and was not the mortgage rate pursuant to the debt obligation as Defendant contends. Plaintiff has submitted to the satisfaction of the Master a detailed breakdown of its calculation of such interest. It is my finding that interest at the rate of 2.0% was properly posted to the Rehabilitation Escrow Funds. See Plaintiff's "Calculation of Interest Due on the Rehab Escrow Account" submitted on December 8, 2006 in accordance with my request at the conclusion of the hearing for purposes of facilitating my computation of same, a copy of which was forwarded to Defendant's Counsel December 8, 2006. Furthermore, Defendant wholly fails to refute said interest calculation either at the December 5, 2006 hearing or in its post hearing supplemental memorandum submitted on January 29, 2007. On April 24, 2000, the remaining balance of the Rehabilitation Escrow Funds ($80,934.98) was properly applied to the outstanding loan balance in accordance with the mortgage holders' rights under the loan documents and under HUD guidelines for the servicing of 203(k) loans and therefore, Defendant has been properly credited for the unused Rehabilitation Escrow Funds. (See Defendant's Exhibits "A" & "B").

TWENTY-SECOND: Both parties submitted supplemental memorandum for consideration of the Master. (See Exhibits "A" & "B").

TWENTY-THIRD: Defendant did not proffer any credible testimonial or documentary evidence refuting any of the aforementioned calculations of the outstanding principal balance, interest or monies advanced or owed despite being afforded ample time and opportunity in which to present admissible evidence. Having failed to present any such evidence and based upon my careful consideration, independent calculations and limitation of review to computation of said sums due and owing to Plaintiff pursuant to the Court's Order dated October 4, 2006 in accordance with its September 26, 2005 Order granting summary judgment to Plaintiff, I have duly and fairly computed said sums.

## COMPUTATION OF AMOUNT DUE PLAINTIFF

TWENTY-FOURTH: After due consideration of the credible testimony of the parties, documentary evidence and supplemental memorandum of the parties, the following computation of the amount due to the Plaintiff as of December 5, 2006, with respect to the within foreclosure action regarding the premises known and designated as 31 North Elliott Place, Brooklyn, New York, is respectfully submitted:

| | |
|---|---|
| Principal Balance | $ 267,683.98 |
| Interest at 9.0% per annum 84 months @ $2,007.63 through December 1, 2006 | $ 168,640.92 |
| Interest per diem $ 66.00 x 4 days through 12/05/06 | $ 264.00 |

| | |
|---|---|
| Escrow | $ 31,366.63 |
| Expenses (Misc./Corp. Advances) | $ 10,972.45 |
| Late Charges | $ 11,383.25 |
| **Total Amount Due Plaintiff** | **$ 490,311.23** |

TWENTY-FIFTH: In accordance with the Order dated October 4, 2006, appointing the undersigned as Master to this matter, the undersigned has presided over said hearing and has computed the amount due Plaintiff pursuant to a loan to Defendant, which is the subject of the within foreclosure action and has proceeded with all reasonable diligence, and has fairly and efficiently ascertained and computed the amount due Plaintiff in the sum of FOUR HUNDRED NINETY THOUSAND, THREE HUNDRED ELEVEN AND 23/100 ($490,311.23) DOLLARS. I further have determined that the mortgaged premises should be sold in one parcel.

Dated: Mineola, New York
      May 20, 2008

/s/ William R. Boccio, Esq.
William R. Boccio, wb9645
Master
William R. Boccio P.C.
22 Jericho Turnpike, Suite 103
Mineola, New York 11501
516 294-5106 Telephone
516 294-1657 Telecopier

WILLIAM R. BOCCIO, ESQ., hereby declares under penalty of perjury that he is the Master duly appointed to compute the amount due Plaintiff in the above-entitled foreclosure action, and the officer who presided over said hearing and duly considered all of the testimonial and documentary evidence submitted in connection thereto and that the above report signed by him is in all respects true and correct and that said report and statements therein contain a true, accurate and complete report of the computation of the sums due Plaintiff.

Dated:   Mineola, New York
         May 20, 2008

                                        /s/ William R. Boccio, Esq.
                                        William R. Boccio,   wb9645
                                        Master
                                        William R. Boccio P.C.
                                        22 Jericho Turnpike, Suite 103
                                        Mineola, New York 11501
                                        516 294-5106 Telephone
                                        516 294-1657 Telecopier