UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
M&T MORTGAGE CORPORATION,

               Plaintiff,

    -against-                       ORDER
                                           03-CV-5657(JS)(MLO)
ST. STEPHENS BAPTIST CHURCH, INC.,

               Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Joseph C. Savino, Esq.
                     Lazer, Aptheker, Rosella & Yedid, P.C.
                     Melville Law Center
                     225 Old Country Road
                     Melville, NY 11747

                     Peter G. Zavatsky, Esq.
                     William Carl Bode, Esq.
                     Zavatsky, Mendelsohn, Gross, Savino & Levy, LLP
                     33 Queens Street
                     Syosset, NY 11791-0510

For Defendant:      Frank J. Hancock, Esq.
                     117-16 Queens Boulevard
                     Forest Hills, New York 11375

                     Peter S. Gordon, Esq.
                     Gordon & Gordon, PC
                     108-18 Queens Boulevard
                     Forest Hills, NY 11375

SEYBERT, District Judge:

       Upon review of the Report and Recommendation of Special Master William R. Boccio, Esq. ("Boccio" or the "Special Master"), dated May 28, 2008, the Court hereby ADOPTS the Report and Recommendation in its entirety.

       On December 5, 2006, Boccio held a hearing at which Plaintiff's attorney and Defendant's attorney appeared. Also

present were Burton Pugach ("Pugach"), Richard D. Jachimiak ("Jachimiak"), a Vice-President of M & T Mortgage Corp., Louis Marcus ("Marcus"), Managing Director of Building Affairs for St. Stephens Baptist Church Corp. ("St. Stephen" or "Defendant"), and Michael Blanchart. In addition to hearing the testimony of Jachimiak and Marcus and receiving documentary evidence at the hearing, the Special Master gave both parties an opportunity to supplement the hearing by submitting written memorandum.

The Special Master found that a Note was entered between St. Stephens and Mortgage Lending of America, Inc., in the principal amount of $350,600.00 with an interest rate of 9.00%. The Note was secured by a Mortgage, dated January 15, 1999, on a parcel of property located in Kings County, New York at 31 North Elliot Place. On January 21, 1999, the mortgage and note was assigned to M & T Mortgage Corp. ("Plaintiff" or "M & T"). Thereafter, Defendant defaulted on the note, and on February 25, 2000, Plaintiff notified Defendant of the default.

Based on the testimony of the parties, documentary evidence, and supplemental memoranda, the Special Master found that there remained a principal balance on the Note in the amount of $267,683.98 plus, interest in the amount of $168,640.92 which was calculated at 9.00% per annum through December 1, 2006, interest per diem for four days through December 5, 2006 in the amount of $264.00, monies due on advanced escrow sums in the amount of

$31,366.63, miscellaneous expenses of $10,972.45, and late charges of $11,383.25, for a total sum of $490,311.23 due to Plaintiff.

Objections to the Report and Recommendation were due by June 6, 2008. On June 9, 2008, three days after the deadline for filing objections, Defendant filed an objection to the Report and Recommendation requesting that this Court recuse itself and stating that the Report and Recommendation should not be adopted based on Plaintiff's alleged fraudulent activity.

Defendant has been given several opportunities to argue that Plaintiff committed a fraud. On September 27, 2005, this Court granted summary judgment for Plaintiff, finding that Defendant defaulted under the terms of the mortgage and Plaintiff was entitled to foreclose its mortgage lien. The Court explained that M & T was a holder-in-due-course and had no knowledge or role in the fraud perpetrated by the originators of the loans, Mortgage Lending of America ("MLA") and Island Mortgage Network ("Island"), and its individual employees. The Court rejected Defendant's arguments that the mortgage was unenforceable as being the product of a fraudulent scheme.

In August 2006, Defendant moved to vacate the September 2005 Order, claiming that the Court was misled by false information. On March 26, 2007, the Court rejected Defendant's motion to vacate, finding that Defendant had not provided credible evidence of a misrepresentation, Defendant's evidence was

immaterial to the Court's reasoning in the September 2005 Order, and any alleged misrepresentations did not prevent Defendant from presenting its case during the original motion for summary judgment.

On August 6, 2007, Defendant filed a second motion to vacate the September 2005 Order. On March 31, 2008, the Court again rejected Defendant's arguments that Plaintiff engaged in fraudulent activity, and reiterated that the Note and Mortgage were valid and enforceable.

Defendant's current objections to the Special Master's Report and Recommendation are nothing more than yet another attempt to argue that Plaintiff engaged in fraudulent activities. The Court finds absolutely no merit in Defendant's claims. As the Court stated in three separate orders, Defendant has not presented any credible evidence indicating that M & T Mortgage engaged in fraudulent activity. Moreover, Defendant's arguments have been rejected by several other courts. The New York State Supreme Court rejected Defendant's fraud arguments and granted summary judgment for M & T in approximately forty-five mortgage foreclosure actions. In a qui tam action before this District, Judge Eric Vitaliano again heard and rejected Defendant's arguments that M & T committed a fraud. See Burton N. Pugach, et al. v. M & T Mortgage Corp., No. 05-CV-2498 (E.D.N.Y, Oct. 8, 2007). Moreover, Judge Vitaliano found that M & T Mortgage was entitled to attorneys fees in that

action because the plaintiffs, several employees and associates of St. Stephens, had brought and maintained a frivolous action. Lastly, the Bankruptcy Court granted M & T's motion to dismiss in a Chapter 11 proceeding filed by St. Stephens, and once more, found that M & T had not engaged in fraud in obtaining the original mortgages. See In re St. Stephen's 350 E. 116th St., 313 B.R. 161 (Bankr. S.D.N.Y. 2004).

Defendant has tried consistently to convince the courts that Plaintiff is not entitled to foreclose on its mortgage because Plaintiff engaged in fraud. Defendant's trite argument has been made in a bankruptcy action, a summary judgment action in state court, a motion to dismiss and a motion for reconsideration before Judge Vitaliano, a summary judgment action and two motions for reconsideration before this Court, and now via an objection to a Report and Recommendation. The Court once again rejects Defendant's arguments for the same reasons stated in its three earlier orders.

Lastly, the Court finds no merit in Defendant's argument that the Court should recuse itself. Defendant states that the Court is biased because it improperly dismissed criminal charges against Michael Durante and Kevin Gorry, the attorneys who formerly represented St. Stephens. Magistrate Judge William D. Wall dismissed the charges against Michael Durante and Kevin Gorry without prejudice due to the government's failure to indict the

defendants within a reasonable time. The Court sees no correlation between Magistrate Judge Wall's dismissal and this civil action, nor does it find that the dismissal demonstrates any bias or impropriety on the part of this Court.

Accordingly, the Court adopts the Special Master's Report and Recommendation in its entirety over Defendant's objection. The Court finds that Plaintiff is entitled to a judgment from Defendant in the amount of $490,311.23, and finds that Defendant may sell the mortgaged premises in one parcel. The Clerk of the Court is directed to mark this matter CLOSED.

## **CONCLUSION**

For the reasons stated above, the Court adopts the report of the Special Master in its entirety.

SO ORDERED

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
June 13, 2008